IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02101-WJM-BNB

JERRY LEE DEMMER,
THE ABSOLUTE WORD CHURCH, and
THE ABSOLUTE WORD DAYCARE CENTER

Plaintiffs,

v.

HAPPY STATE BANK, d/b/a GOLDSTAR TRUST COMPANY,
BURDETT MORGAN WILLIAMSON & BOYKIN, LLP,
MINDI L MCLAIN,
TODD WHITTAKER,
SERVICE REALTY, INC.
TERI GONZALES,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiffs' **Amended Complaint** [Doc. #5, filed 08/12/2013] (the "Complaint"). The Amended Complaint is STRICKEN, and the plaintiffs are directed to tender a proposed second amended complaint that complies with this order.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the rules of this court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs' Amended Complaint suffers from many defects. The Amended Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. In addition, the defendants

are not clearly and separately named in the caption.  The plaintiffs must name each defendant separately in the caption.  The name may be followed by a brief title or description.  The plaintiffs may not name more than one defendant per line.

Moreover, although plaintiff Jerry Lee Demmer may represent himself in this lawsuit, plaintiffs The Absolute Word Church and The Absolute Word Daycare Center must be represented by counsel.  D.C.COLO.LCivR. 11.1A, 83.3D;  Wallic v. Owens-Corning Fiberglass Corp., 40 F.Supp.2d 1185, 1188 (D.Colo. 1999) ("[A] corporate defendant . . . and a limited liability organization . . . [can] only appear by counsel admitted to the bar of this court").  See also Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law"), cert denied, 371 U.S. 950 (1963); Reeves v. Queen City Transportation, Inc., 10 F.Supp.2d 1181, 1188 (D.Colo. 1998) ("It has been the law, for the better part of two centuries, that a corporation may appear in federal court only through a licensed attorney").

In addition, the Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158,

1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  <u>TV Communications Network, Inc. v. ESPN, Inc.</u>, 767 F. Supp. 1062, 1069 (D. Colo. 1991), <u>aff'd</u>, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Here, the plaintiffs set forth seven pages of "Factual Allegations."  The plaintiffs bring two claims for relief, but the claims do not contain any specific factual allegations.  Thus, it is necessary to dissect the seven pages of "Factual Allegations" in order to attempt to discern which facts apply to which claim, and which claim applies to which defendant(s).  This is not a judicial function.

The plaintiffs do not clearly state their claims; the legal bases for his claims; the actions or inactions of <u>each</u> defendant; and how those actions or inactions violate the law.  The Amended Complaint fails to provide notice of the plaintiffs' causes of action as required by Rule 8.  Accordingly, the Amended Complaint is stricken, and the plaintiffs shall submit a proposed second amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The proposed second amended complaint must be submitted on the court's form and shall be titled "Second Amended Complaint."  The defendants shall be clearly identified.  The background statement shall briefly summarize the plaintiffs' case and shall not exceed one double-spaced typewritten page.  Each claim shall be numbered and shall be stated separately.

Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. If the proposed second amended complaint names any entities as plaintiffs, the entities must be represented by counsel.

IT IS ORDERED:

1. The Amended Complaint [Doc. #51] is STRICKEN for failure to comply with Fed. R. Civ. P. 8; and D.C.COLO.LCivR 8.1A;

2. The plaintiffs shall have until **September 27, 2013**, to tender a proposed second amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and this order;

3. The plaintiffs' failure to comply with this order may result in a recommendation that the plaintiffs' case be dismissed; and

4. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated September 6, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge